JAMES THOMAS NORELIUS AND TINA LU NORELIUS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Norelius v. Commissioner
Docket No. 19422-81.
United States Tax Court
T.C. Memo 1983-480; 1983 Tax Ct. Memo LEXIS 309; 46 T.C.M. (CCH) 1086; T.C.M. (RIA) 83480; August 15, 1983. James Thomas Norelius and Tina Lu Norelius, pro se. Arthur A. Oshiro, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of considering and ruling on respondent's Motion for Summary Judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*310 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on April 12, 1983 pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1978 in the amount of $498. The sole issue for decision is whether petitioners are entitled to claim an education deduction under section 162 [2] for expenses for flight training courses incurred in 1978 by James Thomas Norelius, hereinafter called petitioner, for which he received non-taxable reimbursement from the Veterans Administration. Petitioners' address on the date they filed their petition was 47-591 Puapoo Pl., Kaneohe, Hawaii. They filed a joint Federal income tax return for 1978 with the Internal Revenue Service. Petitioners at paragraph 4 of their petition, filed July 20, 1981 allege-- * * * my profession within the Air Force has been a pilot. The flight training was directly used to improve those skills. In addition, the question to VA reimbursement was not interpreted in 1978 as it is now. The IRS itself helped me to prepare *311 my 1978 return an[d] fully encouraged the taking of the VA reimbursement as an exemption. Respondent filed his answer on March 19, 1982 at which time the pleadings were closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. Petitioner was an Air Force pilot during 1978 and respondent has conceded that the flight training expenses were incurred primarily to maintain or improve the skills required by petitioner in his occupation and that such training did not qualify the petitioner for a new trade or business. On Schedule A, attached to their 1978 return, petitioners claimed a deduction of $3,562.47 for flight engineer and airline pilot school. In fact, those expenses were $2,643.22 [3] computed as follows: Airline Transport Pilot (ATP) School
$2,308.07
ATP Medicine
30.40
ATP Written Exam School
148.75
Flight Engineers Written Exam
156.00
$2,643.22
Petitioners received reimbursement from the Veterans Administration for expenses in taking the flight training courses in the amount of $2,378.90 pursuant *312 to 38 U.S.C. 1677 (1976). Although the total amount claimed by petitioners on their 1978 return for flight training expenses ($2,643.22 after petitioners' concession) was disallowed by respondent in his notice of deficiency he now does not contest the deductibility of expenses for which no reimbursement was received (i.e., $264.32). [4] Respondent maintains that to the extent the claimed expenses were reimbursed by the Veterans Administration the deduction was properly disallowed. We agree with respondent. On June 14, 1982, in a court-reviewed opinion, we addressed the very issue herein under consideration on facts substantially similar to those present in this case. In Manocchio v. Commissioner,78 T.C. 989 (1982), affd.     F.2d     (9th Cir., July 19, 1983), we held that the reimbursed flight training expenses were allocable to a class of tax-exempt income -- the reimbursement -- and, thus, were nondeductible under section 265(1). The Ninth Circuit held that the reimbursed portion of the taxpayer's flight training expenses was not deductible under *313 section 162(a). [5] Because it rested its decision on the definition of an expense under section 162(a), the Ninth Circuit did not reach this Court's construction of section 265(1). We adhere to our position, as enunciated in Manocchio, and hold, alternatively, that the reimbursed flight training expenses herein under consideration are likewise not deductible under section 162(a). [6] See Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as *314 a matter of law". The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. The record here contains a complete copy of the notice of deficiency, the petition and answer, respondent's motion, respondent's affidavit and a copy of petitioners' 1978 return. On the basis of the foregoing documents, respondent has demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such circumstance, summary judgment is a proper procedure for disposition of this case. Therefore, we must and do grant respondent's motion. [7] However, in view of respondent's concession, *315 Decision will be entered under Rule 155.
Footnotes
1. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. All rule references are to the Tax Court Rules of Practice and Procedure.
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. Petitioners have conceded the $919.25 difference as a mathematical error.↩
4. Hence, in view of this concession, a Rule 155 computation will be necessary.↩
5. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Ninth Circuit. ↩
6. See Manocchio v. Commissioner,78 T.C. 989, 997-998↩ (1982). See also, the concurring opinion (WHITAKER, J.) at 1003-1004.
7. The Court had before it for its consideration petitioners' Statement under Rule 50(c), filed on May 20, 1983. The hearing on respondent's motion was continued, at petitioners' request, from the Washington, D.C. Motions Session on May 25, 1983 to the Motions Session on September 7, 1983 to await the Ninth Circuits decision in Manocchio,supra.↩ Since the Ninth Circuit has now spoken, the reason for the continuance is now moot. Accordingly, this case will be stricken from the calendar for the September 7 Motions Session.